IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARY C. MARKS,                                  :

        Plaintiff,                            :  Case No. 3:15-cv-339

vs.                                             :  JUDGE WALTER H. RICE

CAROLYN W. COLVIN,                              :  MAGISTRATE JUDGE
Acting Commissioner of Social Security,            MICHAEL J. NEWMAN

        Defendant.                           :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #12) IN THEIR ENTIRETY; PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #13) ARE OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, REVERSING COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT, AND REMANDING CAPTIONED CAUSE TO THE COMMISSIONER, PURSUANT TO THE FOURTH SENTENCE OF 42 U.S.C. § 405(g), FOR FURTHER PROCEEDINGS CONSISTENT WITH THE REPORT AND RECOMMENDATIONS; TERMINATION ENTRY

---

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner"), denying Plaintiff's application for Social Security disability benefits. On July 11, 2016, Magistrate Judge Michael J. Newman filed a Report and Recommendations, Doc. #12, recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, be reversed as not supported by substantial evidence,

and that the above-captioned cause be remanded, pursuant to the fourth sentence of 42 U.S.C. § 405(g). Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations, Doc. #12, as well as upon a thorough *de novo* review of this Court's file, including the Administrative Transcript, Doc. #6, and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in their entirety. The Plaintiff's Objections to said judicial filing, Doc. #13, are overruled. In so doing, the Court orders the entry of judgment in favor of Plaintiff and against the Commissioner. The decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act is reversed, and the captioned cause is remanded to the Defendant Commissioner, pursuant to the fourth sentence of 42 U.S.C. § 405(g), for proceedings consistent with the Report and Recommendations.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a *de novo* review of those recommendations of the report to which objection is made. This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings "are supported by substantial evidence." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be

2

affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed.2d 126 (1938). "Substantial evidence means more than a mere scintilla, but only so much as would be required to prevent a directed verdict."[1] *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986) (quoting *N.L.R.B. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939)).

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen. v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human*

---

[1] Now known as a "Judgment as a Matter of Law." Fed. R. Civ. P. 50.

*Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. The decisions of the Administrative Law Judge ("ALJ") to assign great weight to the opinions of two agency consulting physicians, Drs. Gary Hinzman and Diane Manos, and to assign little weight to the opinion of Plaintiff's treating physician, Dr. Rajindra Bhat, Doc. #6, PAGEID #71-72, were not supported by substantial evidence. The ALJ was required to follow a two-step process in assigning weight to Dr. Bhat's opinion. First, he was to determine "whether Dr. Bhat's opinion is 'well[-]supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with [the] other substantial evidence in the case record.'" Doc. #12, PAGEID #647 (quoting 20 C.F.R. § 404.1527(c)(2)). If Dr. Bhat's opinion satisfied both criteria, then the ALJ was required to give the opinion controlling weight. 20 C.F.R. § 404.1527(c)(2). Second, if the ALJ determined that Dr. Bhat's opinion did not meet the above criteria, and declined to assign it controlling weight, then he was required to:

> "[G]ive good reasons in the notice of determination or decision for the weight" given to the claimant's treating source's opinion. Those good reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."

*Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406-07 (6th Cir. 2009) (quoting 20 C.F.R. § 404.1527(c)(2); Soc. Sec. Ruling 96-2p, 1996 WL 374188, at *5). The ALJ, in his cursory

4

discussion of Dr. Bhat's opinion, Doc. #6, PAGEID #71-72, failed to satisfy the requirements of either step. As noted in the Report and Recommendations, the ALJ:

> [O]mit[ted] reference to the number of objective and/or clinical findings tending to support Dr. Bhat's opinion. . . . The ALJ's failure to conduct a controlling weight analysis – and, further, to address the foregoing objective and/or clinical evidence in rejecting Dr. Bhat's opinion—deprives the Court of the opportunity to meaningfully review whether he undertook the "two-step inquiry" required when analyzing treating source opinions.

Doc. #12, PAGEID #648 (citations omitted). Further, even if the ALJ had conducted a proper controlling weight analysis, he was still required to consider several factors in determining the proper weight to assign Dr. Baht's opinion, "including the length of treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley*, 581 F.3d at 406. Other than finding that "[t]he claimant's 'plantar fasciitis' is not well documented in the record," and stating, with no citation to evidence of record, that "Dr. Bhat's records do not suggest a reason the claimant could not perform medium work activity," Doc. #6, PAGEID #72, the ALJ's analysis of Dr. Bhat's opinion does not reflect consideration of those factors.

The ALJ's analysis of the opinions of Drs. Hinzman and Manos was similarly inadequate, as he merely recited their conclusion that Plaintiff was "capable of medium work activity with postural limitations given her left ankle condition and diabetes," Doc. #6, PAGEID #71 (citing Doc. #6, PAGEID #106-16, 118-29), and stated that he gave "these opinions great weight and adopted some of the postural restrictions." *Id*. The ALJ's brief analysis contained no evaluation of their opinions or discussion of how those

5

opinions were consistent with evidence of record; nor did it contain any analysis of the supporting explanations included by Drs. Hinzman and Manos in their opinions. See 20 C.F.R. § 404.1527(c)(3) ("because nonexamining sources have no examining or treating relationship with you, the weight we will give their opinions will depend on the degree to which they provide supporting explanations for their opinions."). As the Report and Recommendations correctly states, the ALJ's cursory analysis "evidences application of 'greater scrutiny' to the opinions given by treating sources, a practice deemed error by the Sixth Circuit." Doc. #12, PAGEID #651 (citing Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 380 (6th Cir. 2013)).

In sum, the ALJ's failure to weigh the opinions of the treating and consulting physicians using the appropriate factors meant that her finding that Plaintiff was not disabled was unsupported by substantial evidence, and must be reversed.

2. Plaintiff, in her objections, argues that "the overwhelming medical evidence supports the opinion of Dr. Bhat, and the opinions of the State agency reviewers are not substantial evidence to support a rejection." Doc. #13, PAGEID #665-66. Thus, she claims, "the decision of the ALJ should be reversed and benefits should be awarded." Id. However, "[a] judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." Faucher v. Sec. of Health & Human Servs., 17 F.3d 171, 176 (6th Cir. 1994) (emphasis added). The opinions of Drs. Hinzman and Manos constitute non-minimal evidence suggesting that Plaintiff was not disabled as defined by the Act. Doc. #6, PAGEID #110-12, 114-16, 122-25, 127-29. While, as discussed above, their opinions

6

(and the opinion of Dr. Bhat) were not appropriately evaluated and weighed by the ALJ, the Commissioner should have the opportunity to do so on remand. Accordingly, remand for further proceedings, rather than award of benefits, is appropriate under Sixth Circuit precedent.

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge, Doc. #12, in their entirety. Plaintiff's Objections to said judicial filing, Doc. #13, are overruled. Judgment will be ordered entered in favor of Plaintiff and against the Defendant Commissioner, reversing the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, and remanding to the Commissioner, pursuant to the fourth sentence of 42 U.S.C. § 405(g), for further proceedings consistent with the Report and Recommendations.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

August 19, 2016

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of record