UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MARY C. MARKS,

    Plaintiff,                                     Case No. 3:15-cv-339

vs.

COMMISSIONER OF                      District Judge Walter H. Rice
SOCIAL SECURITY,                     Magistrate Judge Michael J. Newman

    Defendant.

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFF'S COUNSEL'S UNOPPOSED MOTION FOR APPROVAL OF ATTORNEY'S FEES (DOC. 18) BE GRANTED; (2) FEES, PURSUANT TO 42 U.S.C. § 406(b), IN THE AMOUNT OF $14,000.00 BE AWARDED; AND (3) THIS CASE REMAIN TERMINATED ON THE COURT'S DOCKET**

On August 19, 2016, Judge Rice reversed the Commissioner's non-disability finding and remanded this case to the Commissioner of Social Security for further proceedings. Doc. 14. Subsequently, Plaintiff received an award of benefits under the Social Security Act. *See* doc. 18 at PageID 688-93. This case is back before the undersigned on a motion by Plaintiff's counsel for an award of attorney's fees under 42 U.S.C. § 406(b)(1), in which counsel requests a fee award in the amount of $14,000.00. Doc. 12. The Commissioner did not oppose Plaintiff's counsel's motion, and the time for doing so has expired. Accordingly, counsel's unopposed motion for attorney's fees is ripe for decision.

In Social Security cases, the Court is authorized to award attorney's fees following the successful prosecution of a Social Security disability appeal. *See* 42 U.S.C. §§ 406(b)(1),

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

1383(d)(2). However, such fees may not exceed 25% of the past-due benefits which the claimant receives as a result of the appeal. *Id*. Furthermore, the attorney requesting a fee award must show, and the Court must affirmatively find, that the contingency fee sought, even one within the 25% cap, is reasonable for the services rendered. *Gisbrecht v. Barnhard*, 535 U.S. 789, 807 (2002).

The Social Security Act "does not displace contingen[cy]-fee agreements," but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. A 25% contingency fee agreement "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Brown*, 865 F.2d 739, 746 (6th Cir. 1989). A reduction of a contingency fee award may be appropriate when counsel acts improperly or provides ineffective assistance, or when "counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id*. Such an award is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 981-82 (6th Cir. 1990).

As the Sixth Circuit explained:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id*. "A hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990).

Counsel represents that he and another attorney at his firm worked a total of 20.85 hours. *See* doc. 18 at PageID 694-99.  Counsel's requested fee of $14,000.00 divided by the 20.85 hours spent working on the case, results in a hypothetical hourly rate of $671.31, a rate the Commissioner has not opposed.  Having considered counsel's unopposed motion and all attachments thereto, and further considering counsel's experience and the result obtained in this case, the undersigned agrees that, although the hourly rate is higher than the Court typically approves, the $14,000.00 fee sought is reasonable and does not result in an undeserved windfall.

## II.

Accordingly, it is  **RECOMMENDED THAT**: (1) Plaintiff's motion for attorney's fees under the Social Security Act (doc. 18) be **GRANTED**; (2) Plaintiff's counsel be **AWARDED** the requested sum of $14,000.00 in attorney's fees; and (3) this case remain **TERMINATED** on the Court's docket.


Date:   August 16, 2017                                                  s/ Michael J. Newman
                                                                                      Michael J. Newman
                                                                                      United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).